UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-11

RICK O'BRYAN, PLAINTIFF,

V.   MEMORANDUM OPINION AND ORDER

CONSOL ENERGY, INC. , AND
LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON, DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's second motion for discovery. R. 17.  The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

**I. Background**

The plaintiff was employed at Consol Energy Inc. ("Consol") since 1990 as a surface foreman.  His employment was terminated effective June 2, 2005. The plaintiff was insured under a long-term disability ("LTD") plan issued by Liberty Life Assurance Company of Boston ("Liberty Life").  Consol is the designated plan administrator of the policy and Liberty Life is the third-party administrator.  The plaintiff received benefits under the plan starting June 3, 2005, and those benefits ceased on October 16, 2006.  The termination was appealed and this lawsuit followed.

The plaintiff previously filed a motion for discovery (R. 11), which this court granted in part and denied in part (R. 14).

## II. Legal Standard

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that, absent relief, a manifest injustice will result. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Such motions are not an opportunity for the losing party to offer additional arguments in support of its position. *Engler*, 146 F.3d at 374.

## III. Analysis

The plaintiff requests that the court reconsider its previous discovery order in light of a recent Supreme Court decision, *Metropolitan Life Ins. Co. v. Glenn*, — U.S. —, 128 S.Ct. 2343 (2008). The plaintiff argues he is now entitled to additional discovery.

In its previous order, the court granted in part and denied in part the plaintiff's request for discovery related to physicians hired by MLS, a company contracted by Liberty Life to provide physicians to review the plaintiff's claims. *See* R. 14. The plaintiff now seeks extensive additional discovery, including, for

example, the names, personnel files, compensation, and statistical data on individuals who were involved in the denial of the plaintiff's claim as well as documents showing various internal procedures and policies. In support of this request, the plaintiff alleges that both Consol and Liberty Life are operating under a conflict of interest and that under *Glenn*, the plaintiff is entitled to further discovery as to the circumstances of these alleged conflicts.

As discussed in the court's previous order, a district court generally bases its review of the denial of benefits solely upon the administrative record. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). A court may consider evidence outside the administrative record if that evidence "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part," but discovery should be limited to such procedural challenges. *Wilkins,* 150 F.3d at 619. Although courts differ as to what showing is required to justify discovery under this limited exception, it is clear that "a mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case." *Likas v. Life Ins. Co. of North America,* 222 F. App'x 481, 486 (6th Cir. 2007); *see also Moore v. LaFayette Life Ins. Co.,* 458 F.3d 416, 431 (6th Cir. 2006) ("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible.").

In *Glenn*, the Supreme Court held that a reviewing court must consider any

conflict of interest arising from the dual role of an entity as an ERISA plan administrator and payer of plan benefits as a factor in determining whether the plan administrator abused its discretion in denying benefits. 128 S.Ct. at 2346. Such a conflict of interest exists when the entity that administers an ERISA plan, such as an employer or insurance company, determines whether an employee is eligible for benefits under the plan *and* pays those benefits out of its own funds. *Id.* Certain circumstances may "suggest a higher likelihood that [the conflict of interest] affected the benefits decision." *Id.* at 2351. Under *Glenn*, then, it follows that the presence of the conflict of interest, on its own, is apparently sufficient to permit a court to allow discovery beyond the administrative record. The plaintiff's pointing out that conflict of interest, therefore, would meet the Sixth Circuit's requirement that the plaintiff show more than a "mere allegation of bias" before the court allowed discovery.

The defendants argue that *Glenn* does not expand the scope of discovery in ERISA cases. Although the Supreme Court did not expressly alter the rules for discovery in an ERISA conflict-of-interest case, it effectively did so by recognizing the inherent conflict and requiring courts to consider it as a factor when deciding whether the plan administrator abused its discretion. Without discovery, plaintiffs would be severely hindered in their ability to obtain evidence to show the significance of the conflict of interest. Therefore, it is logical to assume that the Supreme Court meant for lower courts to allow some discovery beyond the

4

administrative record when an inherent conflict of interest is present.

The plaintiff asserts that a conflict of interest exists.  The parties agree that the plan is self-funded, partially by employee contributions and partially by employer contributions and that Liberty Life is the third-party administrator.  Nevertheless, the plaintiff asserts that Consol has a conflict of interest because it partially funds the plan and its Vice President of Human Resources retains status as the Plan Administrator.  The plaintiff also alleges that Liberty Life, as the third-party administrator of the plan, has a conflict of interest due to the possibility that because it evaluates claims per the terms of a contract with Consol, it may face financial incentives to deny claims.

The court concludes that the plaintiff may have limited discovery aimed at uncovering the extent of the conflict of interest created by Consol's retaining status as Plan Administrator[1] and also funding the plan.  The plaintiff has made the threshold showing of some limited inherent conflict of interest, as described in *Glenn*.  Discovery that might lead to information regarding the extent of this conflict of interest is proper. This discovery may include statistical information about the outcome of appeals submitted to the Plan Administrator and any "active steps" taken by Consol to "reduce potential bias and to promote accuracy," such as "walling off claim administrators from those interested in firm finances." *See Glenn*,

---

[1] According to the Summary Plan Description, *see* R. 17, Exhibit A ¶14, the Plan Administrator makes determinations of benefits when an individual appeals Liberty Life's initial determination.  This document was provided by the defendants.

128 S.Ct. at 2351.  Such discovery is necessary for the plaintiff to provide information to the court as to whether circumstances suggest that the inherent conflict affected the decision in plaintiff's case.

Liberty Life does not have an inherent structural conflict, as Liberty Life evaluates claims but does not pay benefits out of its own funds.[2]  The defendants submitted to the court an affidavit of Pamela McGee, the Litigation Manager for Liberty Life.  In this affidavit, Ms. McGee attests that Liberty Life is paid to administer the plan in accordance with a services agreement and that Liberty Life's compensation is not tied to individual claim denials.  In his reply, the plaintiff contends that this statement by McGee may imply that Liberty Life is compensated based on its *overall* claim denials and requests discovery of the services agreement.

The plaintiff points to the following language in *Glenn* as support for his argument that the type of arrangement between the instant defendants is problematic and should entitle him to discovery without further showing of bias:

> The employer's own conflict may extend to its selection of an insurance company to administer its plan.  An employer choosing an administrator in

---

[2]The plaintiff does argue that Liberty Life may have an inherent conflict.  The plaintiff maintains that Liberty Life may gain financially from denying claims because the plaintiff was paid LTD benefits by Liberty Life and was required to pay his Social Security disability income benefit back to Liberty Life.  The defendants have responded that simply because Liberty Life "processes payments under the LTD Plan and coordinates the return of benefits" does not mean that Liberty Life stands to benefit financially from denying claims.  R. 18, p.3.  The activities described by the plaintiff appear to be tasks logically arising from Liberty Life's role as the plan's third-party administrator and are not convincing evidence that Liberty Life is paying benefits from its own funds.  The affidavit of Pamela McGee, discussed below, further puts to rest this argument.

> effect buys insurance for others and consequently (when compared to the marketplace customer who buys for himself) may be more interested in low rates than in one with accurate claims processing.

*Glenn*, 128 S.Ct. 2349-50.  The court reads this passage as being an explanation for why both an employer that pays benefits and evaluates claims and an insurance company with the same dual role operate under a conflict of interest.  In the instant case, the employer did not buy insurance with Liberty Life in order to fund its LTD plan.

It is arguable that in contracting with a third-party administrator, an employer could be tempted to conserve its funds by choosing a third-party administrator biased toward denying claims.  However, part of the reasoning in *Glenn* was that, given an administrator's inherent conflict of interest, circumstances become relevant to the court's determination of the impact of that conflict of interest on the entity's decision.  Where no such inherent conflict of interest exists, the circumstances already known to the court may be sufficiently descriptive of any existing conflict.  Here, the court already has before it that fact that the employer has taken steps to distance itself from at least the initial evaluation decision.  Before it will allow the plaintiff to delve into the details of the arrangement by which Consol has so distanced itself, the court will require some demonstration of alleged bias.  Finding otherwise would threaten to allow discovery into the circumstances of all of the financial arrangements of those that evaluate benefits claims and would therefore substantially undermine the general principle of limited

discovery in ERISA cases.

In support of its request for discovery, the plaintiff cites a case from another circuit, *Mazur v. Pacific Telesis Group Comprehensive Disability Benefits Plan*, 2008 WL 564796 (N.D. Cal., Feb. 28, 2008). In *Mazur*, the employer had "delegate[d] the decision as to whether to provide disability benefits under the [Plan]" to a third-party administrator and the court allowed limited discovery into the "scope of the conflict." *Id.* at *2. However, the court had before it some evidence that the employer "retain[ed] oversight over [the evaluation process] and provide[d] financial incentives to encourage [the third party] to administer the Plan to the [employer's] satisfaction" *Id.* This plaintiff has produced no such supporting evidence.

Producing supporting evidence – such as the services agreement between Liberty Life and Consol – may be impossible without some limited discovery, if the plaintiff has no general access to it. However, there is a pathway out of this seeming predicament. The plaintiff has the same opportunity to develop his argument that Liberty Life was biased that he had before *Glenn*: he may demonstrate that the discovery he seeks would lead to a finding that the denial of benefits was arbitrary by pointing to some evidence that the decision process raises questions of fairness. *See Putney v. Medical Mutual of Ohio*, 111 Fed. App'x 803, 807 (6th Cir. 2004) (denying discovery where claimant presented no evidence of procedural violations). The plaintiff has made no such demonstration. Pointing to an inherent conflict of interest as described in *Glenn* meets this necessary threshold

showing; pointing to an attenuated conflict of interest such as Liberty Life's does not.

## IV.   Conclusion

Accordingly, **IT IS ORDERED** that the plaintiff's second motion for discovery (R. 17) is **GRANTED IN PART,** limited to the information pertaining to Consol's conflict of interest, and **DENIED IN PART** as to the remainder of the discovery requests.

**IT IS FURTHER ORDERED** that the parties shall file a written proposal for discovery and filing deadlines no later than twenty (20) days after the date of entry of this order.

Signed on  February 11, 2009



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY